**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TORREY PARGO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1207-CR-351 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rueben B. Hill, Judge
Cause No. 49F18-1110-FD-77452

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Torrey Pargo ("Pargo") appeals his sentence for Class D felony intimidation.[1]

We affirm.

## ISSUE

Whether Pargo's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

On October 30, 2011, Jackie Anderson ("Anderson") babysat children belonging to Pargo and his girlfriend, Lucinda Stiles ("Stiles"). Stiles instructed Anderson not to let anyone else leave with the children. That afternoon, Pargo called Anderson and told her that he was coming to pick up his children. Mindful of the instructions given to her by Stiles, Anderson told Pargo he could not pick up the children. Pargo responded that he "was coming to get his motherfucking kids." (Tr. 9). Pargo arrived later at Anderson's apartment demanding to pick up his children. Anderson's husband answered the door, and Pargo was again told that he could not leave Anderson's apartment with the children. Pargo responded that he was "going to shoot this motherfucker up if I don't get my motherfucking kids," and that he was going to his car to "get his gun and blow up the motherfucking apartment…." (Tr. 13, 20-21). Anderson's daughter called the police, and Pargo was arrested.

On November 3, 2011, the State charged Pargo with intimidation, a Class D felony. Pargo waived his right to a jury trial, and a bench trial commenced on May 14,

---

[1] Ind. Code § 35-42-2-1.

2012. The trial court found Pargo guilty of intimidation and set the matter for sentencing on June 25, 2012.

At the sentencing hearing, the trial court found Pargo's criminal history as an aggravator[2] and his demonstrated remorse to be a mitigator. The trial court imposed a three (3) year sentence, with two (2) years executed in the Department of Correction and one (1) year suspended to probation. As a condition of probation, the trial court ordered Pargo to complete twelve (12) weeks of anger management classes, write a letter of apology to the victims, and pay fines and costs.

## DECISION

Pargo argues that his sentence of three (3) years, with two (2) years executed in the Department of Correction and one (1) year suspended to probation was inappropriate. Pargo suggests we should revise the executed portion of his sentence to one-and-a-half (1 ½) years.

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the

---

[2] Pargo's criminal history consists of the following: (1) a 2005 misdemeanor conviction for domestic battery; (2) a 2006 misdemeanor conviction for battery; (3) a 2006 felony conviction for possession of marijuana; (4) two felony convictions in 2006 for criminal confinement; and (5) a 2008 felony conviction for unlawful possession of a firearm by a serious violent felon.

sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is appropriate, we first look to the advisory sentence provided by statute. *Childress*, 848 N.E.2d at 1081. A Class D felony provides a sentencing range between six (6) months and three (3) years, with an advisory sentence of one-and-a-half (1 ½) years. I.C. § 35-50-2-7.

Regarding the nature of the offense and Pargo's character, Pargo blames this incident and his past conduct on problems with anger. (Tr. 48, 49). We agree with his assessment. Pargo's criminal history includes convictions for two (2) misdemeanors and three (3) felonies. Of particular concern are his convictions for criminal confinement, a Class B felony in 2006, unlawful possession of a firearm by a serious violent felon, a Class B felony in 2008, and resisting law enforcement, a Class D felony in 2012. In 2006, as a part of his probation, Pargo was ordered to complete anger management counseling. In 2008, Pargo was granted alternative placement for a portion of his executed sentence. That placement was revoked for, among other violations, threatening physical harm to a community corrections staffer. Finally, in 2012, while awaiting trial for the matter before us, Pargo was involved in an altercation with jail officers resulting in a subsequent charge and conviction. Despite the benefit of previous anger

4

management counseling and being placed in community corrections instead of prison, Pargo continually refuses to modify his behavior.

In light of the nature of the offense and Pargo's character, we conclude that Pargo's sentence is not inappropriate and affirm the trial court.

Affirmed.

ROBB, C.J., and MAY, J., concur.